1  CAMPEAU GOODSELL SMITH, L.C.
   SCOTT L. GOODSELL, #122223
2  WILLIAM J. HEALY, #146158
   440 N. 1st Street, Suite 100
3  San Jose, California   95112
   Telephone:   (408) 295-9555
4  Facsimile:    (408) 295-6606

5  ATTORNEYS FOR
   Intero Realty, J.L. Realty, Inc., James Chen,
6  Joe Carrero, Zheng Tian, and Rossi, Hamerslough, Reischl & Chuck

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         (San Jose Division)

11  In re:                          )   Case No. 16-52504
                                    )
12                                  )   CHAPTER 13
                                    )
13   MARY FONG,                     )
                                    )   **REPLY BRIEF RE: EX PARTE**
14                                  )   **APPLICATION FOR AN ORDER**
            Debtor.                 )   **HOLDING NET SALES PROCEEDS**
15                                  )   **IN ESCROW OR TRUST**
                                    )
16                                  )
                                    )
17                                  )   Hearing Date: n/a
                                    )   Hearing Time: n/a
18                                  )   Location:
                                         United States Bankruptcy Court
19                                       Courtroom 3099
                                         280 S. First Street
20                                       San Jose, CA 95113

21                                      Judge: Honorable Stephen L. Johnson
                                    )
22
    **To: The Honorable Stephen L. Johnson, United States Bankruptcy Judge:**
23
        Creditors Intero Realty, J.L. Realty, Inc., James Chen, Joe Carrero, Zheng Tian, and
24
    Rossi, Hamerslough, Reischl & Chuck (jointly "Creditors" or "Moving Parties")[1] submit the
25

26  _____

    [1]The term "Creditors" is jointly used for Intero Realty, J.L. Realty, Inc., James Chen,
27  Joe Carrero, Zheng Tian, and Rossi, Hamerslough, Reischl & Chuck for simplicity purposes
                                                                        (continued...)
28
    _____
       REPLY BRIEF RE: EX PARTE APPLICATION FOR AN ORDER HOLDING NET SALES PROCEEDS IN ESCROW OR TRUST

following Reply Brief in support of their Ex Parte Application For An Order Holding Net Sales Proceeds In Escrow or Trust ("Application)(Doc#25) as follows:

## I.    The Only Opposition To The Application Is From The Chapter 13 Trustee.

The Application was emailed to Debtor's three attorney's, the Chapter 13 Trustee at the only public email address, and served via ECF on Debtor, the Chapter 13 Trustee, and all ECF recipients on Friday, November 18, 2016. The only opposition or response was filed by the Chapter 13 Trustee (O"Opposition")(Doc#26).

## II.   The Chapter 13 Trustee's Opposition Is Without Evidence or Legal Authority, Is Legally Wrong, But Generally Agrees With The Application.

The Opposition generally agrees with the Application—that the monies cannot be spent absent an order from this court. Therefore, the granting of the Application secures the net sales proceeds, protects all parties, including Creditors who represent approximately 93% of the non-real property secured debt, and leaves the issue of what to do with the money for a later date.

### A. The Court Must Strike The Opposition.

The Opposition is without evidence or legal authority. As such, the Opposition should be ignored or stricken.

### B. The Court Is Empowered To Make Determinations.

The Opposition's reference that "The Trustee is has determined the excess proceeds are property of the Debtor's Chapter 13 bankruptcy estate" is without evidence or legal authority, inconsistent with Creditors' determination, and a determination for the court to make once the monies are protected. As Creditors represent

### C. The Opposition is Legally Wrong On Two Primary Matters.

---

[1](...continued)
and because all prevailed in the Arbitration Matter with Debtor although only Zheng Tian is scheduled as a creditor.

Case: 16-52504    Doc# 27    Filed: 11/21/16    Entered: 11/21/16 10:17:08    Page 2 of 4

**1) Bankruptcy Code 553 Addresses Creditors' Set Off Rights.**

Pursuant to Section 553 of the Bankruptcy Code, except to the extent the claim is disallowed, bankruptcy law does not interfere with a creditor's right to offset a mutual debt. 11 U.S.C. § 553. A mutual debt is one which the creditor owed the debtor before the commencement of the bankruptcy case, and the creditor's claim against the debtor arose before the commencement of the bankruptcy case. 11 U.S.C. § 553. Simply, pursuant to Section 553 Creditors are entitled to set off against the sales price the monies owed under the sales contract.

2) Attorneys' Fees and Costs Are Part of the Sales Contract and Judgment.

On November 4, 2016, pursuant to an October 19, 2016 Order Granting Relief From Stay (Doc#20), Creditors secured a November 4, 2016 Judgment Confirming Arbitration Award which provides, in pertinent part:

> "Judgment is entered in favor of Plaintiffs and against Defendant for
> attorneys' fees and costs in the amount of $338,445.60."

This state court judgment is for specific performance of the underlying sales contract, including changing title, paying broker commissions, and paying attorney's fees and costs provided for in the underlying sales contact. As such, Debtor cannot perform under the state court judgment or the sales contract unless the attorneys' fees and costs are paid from the sale/escrow. Creditors' motion for relief from stay did not ask for the payment of attorneys' fees and costs at escrow because that may have delayed the sale and there were not sufficient net sales proceeds to satisfy the full amount of attorneys' fees and costs awarded by the arbitrator (or the eventual judgment). Yet, Debtor, pursuant to the confirmed arbitration award and state court judgment must comply with the sales contract, including payment of attorneys' fees and costs.

**D.      The Opposition Misleads the Court Regarding the Chapter 13 Trustee's Contact Efforts.**

While the Opposition states the "Trustee . . has issued a formal demand for the proceeds from Creditors' counsel on November 18, 2016", such is misleading. The 'demand' was not a

Case: 16-52504    Doc# 27    Filed: 11/21/16    Entered: 11/21/16 10:17:08    Page 3 of 4

1 phone call or return phone call, was not an email or return email, was not a fax, but a letter

2 sent via U.S. Mail which makes demand to Creditors for the net sales proceeds and an

3 accounting. Presumably the Chapter 13 Trustee would have attended to the issue as part of

4 the motion for relief from stay if there was interest in the sale and proceeds from the sale.

5 **II.   Conclusion.**

6       Creditors respectfully request that the court grant the Application and issue an order that

7 the net sale proceeds (net meaning the balance remaining after payment of property taxes,

8 mortgage, normal/standard costs and fees of a sale, and payment to the brokers/agents) from

9 the sale of Debtor Mary Fong's ("Debtor") real property commonly known as 1308 Tourney

10 Drive, San Jose, California 95131 ("Tourney Drive Property") are to be held in escrow by the

11 escrow company Chicago Title Company (Escrow#FWPS2984140154A-MP) or in trust in

12 Debtor's counsel Paul Seabrook's attorney trust account pending and subject to further order

13 of the Bankruptcy Court.

14 Dated: November 21, 2016                    CAMPEAU GOODSELL SMITH
                                              By: /s/ William J. Healy
15                                                William J. Healy

16

17

18

19

20

21

22

23

24

25

26

27

28

**REPLY BRIEF RE: EX PARTE APPLICATION FOR AN ORDER HOLDING NET SALES PROCEEDS IN ESCROW OR TRUST**

4