CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:   (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR
Intero Realty, J.L. Realty, Inc., James Chen,
Joe Carrero, and Zheng Tian

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| In re: | Case No. 16-52504 |
| | CHAPTER 13 |
| MARY FONG, | **MOTION TO DISMISS CHAPTER 13** |
| Debtor. | Date:  March 16, 2017<br>Time: 10:00 a.m.<br>Location:<br>     United States Bankruptcy Court<br>     Courtroom 3099<br>     280 S. First Street<br>     San Jose, CA 95113<br><br>Judge: Honorable Stephen L. Johnson |

Creditors Intero Realty, J.L. Realty, Inc., James Chen, Joe Carrero, and Zheng (jointly "Creditors" or "Moving Parties")[1] will and hereby do move will and hereby do move the court for an order dismissing this case for "cause" pursuant to 11 U.S.C. § 1307(c) (1) ("Motion") as follows:

**I. Summary of Motion.**

Pursuant to 11 U.S.C. 1307 (c)(1) cause exist to dismiss this case based on Debtor's

---

[1] The term "Creditors" is jointly used for Intero Realty, J.L. Realty, Inc., James Chen, Joe Carrero, Zheng Tian, and Rossi, Hamerslough, Reischl & Chuck for simplicity purposes and because all prevailed in the Arbitration Matter with Debtor although only Zheng Tian is scheduled as a creditor.

**MOTION FOR ORDER TO PAY SECURED CLAIM AND TO PAY SECURED CLAIM PRE-CONFIRMATION**

failure to prosecute and unreasonable delays which are prejudicial to the creditors.

**II. Introduction and Statement of Facts.**

    **A. Underlying Dispute.**

    The dispute between the Debtor and the Creditors arose from Debtor's "seller's remorse" and breach of a written contract for the sale of real property commonly known as the 1306 Tourney Drive, San Jose, California 95131 ("Tourney Drive Property") with Debtor as seller and Zheng Tian as buyer pursuant to a California Residential Purchase Agreement and Joint Escrow Instructions dated March 18, 2014 and the Counter Offer No One dated March 18, 2014 and a listing agreement between Debtor and Intero Realty Joe Carrero.

    **B. Litigation/Arbitration/Arbitration Award.**

    On April 15, 2014 Creditors, through counsel, commenced a state court action against Debtor for specific performance of the written contract to sell the Tourney Drive Property following Debtor's wrongful attempt to cancel (Intero Real Estate, et al v. Mary Fong, et al and related cross action, Santa Clara County Superior Action No.: 1-14-CV-263881)("State Court Action"). Of note, Debtor's cross claim included nine (9) causes of action, including recision, intentional infliction of emotion distress, negligent infliction of emotion distress, breach of fiduciary duty, assault, intentional misrepresentation, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and declaratory relief.

    The parties submitted the matter to binding arbitration before the Honorable Kevin E. McKenney (Ret.), the arbitration hearing took place over four (4) days during January and February 2016, post hearing briefing closed on March 8, 2016, and on July 25, 2016 the arbitrator issued a 35-page Arbitration Award.

    The Arbitration Award found, inter alia, (1) in favor of Zheng Tian and against Debtor for specific performance of the California Residential Purchase Agreement and Joint Escrow Instructions dated March 18, 2014 and the Counter Offer No One dated March 18, 2014, (2) in favor of the brokers and against the Debtor for payment of commissions to the brokers, and (3) against Debtor for attorney's fees and costs to the buyer and brokers. The Arbitration

Award also noted its prior order granting Creditors' motion for summary disposition striking Debtor's affirmative defense of "Mental Incapacity Due to Duress/Undue Influence." The Arbitration Award denied Debtor's counter claims and ordered that she take nothing from her counter claims.

In addition, the Arbitration Award specifically (1) found that Mr. Tian was "ready, willing, and able" to purchase the Tourney Drive Property, (2) noted that "By Order dated December 11, 2015, the arbitrator struck Respondent's claims for rescission and declaratory relief" and Debtor "take nothing", (3) found that Creditors were prevailing parties and entitled to their reasonable attorney fee and costs pursuant to the Residential Listing Agreement, (4) found that Debtor "chose to vigorously contest every process at every step", and (5) noted that Debtor's testimony, contrary to Creditors', was "often not supported by the objective evidence", there "were numerous inconsistent statements and the document that she signed did not support her claims", the "arbitrator had reservations about her testimony', and her "testimony about some situations are difficult to reconcile with the evidence."

**C. Relief From Stay/State Court Judgment.**

Pursuant to an October 19, 2016 Order Granting Relief From Stay (Doc#20) Creditors secured a November 4, 2016 Judgment Confirming Arbitration Award which provides, in pertinent part, that:

> "Fong shall convey to Zheng Tian title to . . . 1306 Tourney Drive, San Jose, California . . ." and "Close of escrow . . . shall occur within twenty-one (21) days of the entry of this Judgment" and "Judgment is entered in favor of Plaintiffs and against Defendant for attorneys' fees and costs in the amount of $338,445.60."

**D. Sale of Tourney Drive Property.**

Escrow for the sale of Debtor's Tourney Drive Property closed on November 29, 2016, the deed transferring title from Debtor to Zheng Tian was recorded with the Santa Clara County Recorder on November 29, 2016 as Document#23512164, and the net sales proceeds were $199,193.63 and were turned over to the Chapter 13 Trustee.

**E. Sales Proceeds.**

Pursuant to a December 15, 2016 Order Granting Relief From Stay (Doc#37) Creditors received $182,461.36.

**III. Legal Authorities.**

**A. The Court Has Authority to Dismiss a Chapter 13 Case For Cause.**

Section 1307(c) of the Bankruptcy Code authorizes a motion to dismiss a Chapter 13 case for "cause". The Court can consider any "cause," including but not limited to the enumerated grounds in subsection (c)., including 11 U.S.C. § 1307(c)(1) unreasonable delay by the debtor that is prejudicial to the creditors.

**B. Cause Exist to Dismiss This Case.**

This case has been pending since August 31, 2016 without any proactive measures by Debtor and simply costs Creditors time and money.

Debtor's Chapter 13 Plan filed August 31, 2016 (Doc#2) was filed in bad faith, violated several aspects of 11 U.S.C. 1325, was subject to multiple objections from the Chapter 13 Trustee (Doc#17 and 29), was subject to multiple objections from Creditors (Doc#19 and 30), and has been on the Trustee's Pending List since November 1, 2016.

Debtor has not filed an amended plan or tried to address Creditors' objections (it is unknown if Debtor has addressed the Chapter 13 Trustee's objections).

Debtor's schedules list approximately $26,028 in unsecured debts (other than to Creditors) but only $19,970.29 in unsecured claims (other than Creditors') were timely filed[2]; Creditors are still owed at least $155,461.36 as reflected in their Proof of Claim[3]; and Creditors represent at least 85% of Debtor's scheduled unsecured debt (a portion of Creditors' claim remains secured).

Debtor has more than sufficient non-exempt cash/cash equivalent assets to pay her non-

---

[2] Creditors recognize that the Proof of Claim deadline (non-governmental) is January 17, 2017.

[3] Subject to addition of post Arbitration Award fees, costs, and interest.

secured scheduled debts in full.[4]

**V. Conclusion.**

Creditors respectfully request that the court grant the Motion and dismiss this case.

Dated: February 16, 2017  CAMPEAU GOODSELL SMITH
By: /s/ William J. Healy
William J. Healy

---

[4] Debtor's schedules indicated non-exempt cash assets of $348,000, real property worth $866,677 with equity of $594,758, and exempt retirement funds of $479,491.37.

**MOTION FOR ORDER TO PAY SECURED CLAIM AND TO PAY SECURED CLAIM PRE-CONFIRMATION**

5