CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California  95112
Telephone:  (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR
Intero Realty, J.L. Realty, Inc., James Chen,
Joe Carrero, and Zheng Tian

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

In re:                                    ) Case No. 16-52504
                                          )
                                          ) CHAPTER 13
                                          )
  MARY FONG,                              ) **REPLY BRIEF RE: MOTION TO**
                                          ) **DISMISS CHAPTER 13**
                                          )
           Debtor.                        ) Date: March 16, 2017
                                          ) Time: 10:00 a.m.
                                          ) Location:
                                          )     United States Bankruptcy Court
                                          )     Courtroom 3099
                                          )     280 S. First Street
                                          )     San Jose, CA 95113
                                          )
                                          ) Judge: Honorable Stephen L. Johnson
                                          )

Creditors Intero Realty, J.L. Realty, Inc., James Chen, Joe Carrero, and Zheng (jointly "Creditors" or "Moving Parties")[1] submit the following Reply Brief Re: Motion To Dismiss Chapter 13 ("Reply") in support of their Motion to Dismiss made for "cause" pursuant to 11 U.S.C. § 1307(c) (1) ("Motion") (Doc#39) as follows:

**I. The Motion Must Be Granted Because It Is Without Opposition.**

The Motion must be granted because it is without substantive opposition.

---

[1] The term "Creditors" is jointly used for Intero Realty, J.L. Realty, Inc., James Chen, Joe Carrero, and Zheng Tian for simplicity purposes and because all prevailed in the Arbitration Matter with Debtor although only Zheng Tian is scheduled as a creditor.

**REPLY BRIEF RE: MOTION TO DISMISS CHAPTER 13**

Creditors recognize that Debtor filed an "opposition" (Doc#41), but does not consider it "substantive."

In addition, neither the Chapter 13 Trustee nor any creditor filed oppositions to the Motion.

## II. The Motion Must Be Granted Because It Detailed Cause to Dismiss This Chapter 13 and Debtor's Opposition Did Not and Could Not Dispute That Showing.

The Motion was made pursuant to 11 U.S.C. 1307 (c)(1) on the ground cause exists to dismiss this case based on Debtor's failure to prosecute and unreasonable delays which are prejudicial to the creditors.

The Motion (i.e. pages 4-5) details supporting facts for the showing of cause.

Debtor's Opposition does not attempt to address or dispute the Motion's showing of cause. The Opposition simply states that "The debtor believes she has the capacity to confirm a plan in a very short period of time."[2]

Debtor's election to not address or attempt to dispute the Motion's showing of cause is an admission that cause exists and the Motion should be granted.

## III. The Opposition's Prayer for Additional Time Should Be Rejected, Or At Least Firmly Limited.

The Opposition's prayer for 90 additional days to confirm a plan should be rejected as not in the best interest of the creditors. As set forth in the Motion the Debtor filed this case in bad faith, the initial plan was filed in bad faith, and since the commencement of this case has done nothing to move it forward and pay creditors–all while having sufficient equity to pay all creditors in full and having sufficient case on hand to pay creditors in full.

This case has been pending without any positive action by the Debtor for more than 7

---

[2] Debtor's "belief" should be rejected because it is exactly what the Arbitration Award found, namely that Debtor "chose to vigorously contest every process at every step", Debtor's testimony . . . was "often not supported by the objective evidence", there "were numerous inconsistent statements and the document that she signed did not support her claims", the "arbitrator had reservations about her testimony', and her "testimony about some situations are difficult to reconcile with the evidence."

months, Debtor has not attempted to address Creditors' plan objections since they were filed more than 4 ½ months ago, only woke from her slumber upon the filing of the Motion, and notwithstanding sufficient cash on hand to pay all creditors in full with interest is likely to avoid such a logical and cost-effective approach. All the while creditors have incurred additional attorney's fees and costs and been stayed from enforcing the balance of their rights and Judgment.

To the extent the court may be inclined to give Debtor additional time to confirm a yet to be filed amended plan then Creditors request that Debtor be held to her word and a short, more practical time frame of confirming a plan within "a very short period of time", namely within 60 days.

**IV. Conclusion.**

Creditors respectfully request that the court grant the Motion and dismiss this case.

Dated: March 3, 2017                                     CAMPEAU GOODSELL SMITH
                                                         By: /s/ William J. Healy
                                                             William J. Healy